```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
DOMINICK MARROCCO, ANTHONY PIROZZI,            MEMORANDUM & ORDER
JOSEPH A. FERRARA, SR., FRANK H. FINKEL,       11-CV-6101(JS)(ARL)
MARC HERBST, DENISE RICHARDSON,
THOMAS F. CORBETT and ANTHONY D'AQUILA,
as Trustees and Fiduciaries of the Local
282 Welfare Trust Fund, the Local 282
Pension Trust Fund, the Local 282
Annuity Trust Fund, the Local 282
Job Training Trust Fund, and the Local
282 Vacation and Sick Leave Trust Fund,

                      Plaintiffs,

        -against-

HAMERTIME TRUCKING INC.,

                      Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:       James Robert Grisi, Esq.
                      Julie Ann Ortiz, Esq.
                      Trivella & Forte LLP
                      1311 Mamaroneck Avenue, Suite 170
                      New York, NY 10605

For Defendant:        Adrian A. Ellis, Esq.
                      Adrian A. Ellis, LLC
                      26 Court Street, Suite 1600
                      Brooklyn, NY 11242
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Arlene R. Lindsay's Report and Recommendation ("R&R"), recommending that this Court grant plaintiffs' motion seeking a default judgment. (Docket Entry 45.) For the following reasons, the Court ADOPTS Judge Lindsay's R&R in its entirety.

BACKGROUND

This action was commenced on December 16, 2011 by plaintiffs Thomas Gesualdi; Louis Bisignano; Dominick Marrocco; Anthony Pirozzi; Joseph A. Ferrara, Sr.; Frank H. Finkel; Marc Herbst; Denise Richardson; Thomas F. Corbett and Anthony D'aquila, as Trustees and Fiduciaries of the Local 282 Welfare Trust Fund; the Local 282 Pension Trust Fund; the Local 282 Annuity Trust Fund; the Local 282 Job Training Trust Fund; and the Local 282 Vacation and Sick Leave Trust Fund (collectively, "Plaintiffs"). (Compl. at 1.) Plaintiffs brought suit against defendant Hamertime Trucking Inc. ("Defendant") seeking unpaid contributions, interest, liquated damages, attorneys' fees and costs, and audit fees pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). (Compl. ¶¶ 14-23.)

Defendant was a party to a collective bargaining agreement ("CBA") with the Building Material Teamsters Local 282, International Brotherhood of Teamsters (the "Union"). (Compl. ¶¶ 5, 8.) The CBA required Defendant to make contributions to Plaintiffs on behalf of its employees who are covered by the CBA. (Compl. ¶ 9.) Plaintiffs assert Defendant (1) failed to make benefit contributions owed under the CBA, (2) made late contributions, and (3) underpaid other outstanding contributions due. (Compl. ¶¶ 16-17, 20.)

On December 19, 2014, Plaintiffs moved for a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendant. (Referral Order, Docket Entry 36, at 1-2.) The undersigned referred Plaintiffs' motion to Judge Lindsay on December 22, 2014. (Docket Entry 44.) On June 9, 2015, Judge Lindsay issued her R&R recommending that the Court grant Plaintiffs' motion for a default judgment and award Plaintiffs: (1) $523,324.13 in delinquent contributions; (2) 255,324.13 in interest on the total amount of unpaid contributions, calculated through December 22, 2014, plus additional daily interest in the amount of $258.13 accruing from December 23, 2014 through the date judgment is entered; (3) $255,324.13 in liquidated damages on the unpaid contributions, plus additional damages in the daily amount of $258.13 from December 23, 2014 though the date judgment is entered; (4) $338,557.57 in underpaid contributions; (5) $82,190.99 on the underpaid contributions calculated through December 22, 2014, plus additional daily interest in the amount of $166.96 accruing from December 23, 2014 through the date judgment is entered; (6) $82,190.00 in liquidated damages on the underpaid contributions, plus additional damages in the daily amount of $166.96 from December 23, 2014 though the date judgment is entered; and (7) attorneys' fees and costs in the amount of $67,596.40. (R&R at 2.) In addition, Judge Linsday recommended that Plaintiffs' request for audit fees be denied with leave to renew

3

upon submission of the appropriate supporting documentation to the undersigned. (R&R at 2.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

## CONCLUSION

Judge Lindsay's R&R (R&R) is ADOPTED in its entirety. The Court is directed to enter judgment against Defendants and award Plaintiffs the following monies: (1) $523,324.13 in delinquent contributions; (2) 255,324.13 in interest on the total amount of unpaid contributions, calculated through December 22, 2014, plus additional daily interest in the amount of $258.13

accruing from December 23, 2014 through the date judgment is entered; (3) $255,324.13 in liquidated damages on the unpaid contributions, plus additional damages in the daily amount of $258.13 from December 23, 2014 though the date judgment is entered; (4) $338,557.57 in underpaid contributions; (5) $82,190.99 on the underpaid contributions calculated through December 22, 2014, plus additional daily interest in the amount of $166.96 accruing from December 23, 2014 through the date judgment is entered; (6) $82,190.00 in liquidated damages on the underpaid contributions, plus additional damages in the daily amount of $166.96 from December 23, 2014 though the date judgment is entered; and (7) attorneys' fees and costs in the amount of $67,596.40. Further, Plaintiffs' request for audit fees is DENIED WITHOUT PREJUDICE. The Clerk of the Court is further directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  16 , 2015
       Central Islip, New York